UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - -

DOMINIC BRETTI,

        Plaintiff,

  v.            6:08-CV-450-DNH-GJD

UNITED STATES DEPARTMENT OF JUSTICE
and FEDERAL BUREAU OF INVESTIGATION,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

DOMINIC BRETTI
80-C-0511
Plaintiff, *Pro se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

HON. ANDREW T. BAXTER     WILLIAM H. PEASE, ESQ.
United States Attorney       Asst. United States Attorney
  Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

   Plaintiff Dominic Bretti ("plaintiff") brings suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act of 1974, 5 U.S.C. § 552(a), against the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI").

The DOJ and the FBI ("defendants") move to dismiss the claim against them pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff opposes defendants' motion. The motion was taken on submission without oral argument.

## II. BACKGROUND

On June 6, 2007, plaintiff requested from the FBI's Albany Field Office the release, under FOIA, of FBI file numbers 183-AL-604 and 183-AL-638, for the time between October 1979 and June 1982. In addition, plaintiff requested transcripts dated February 20, 1980.

By letter dated July 5, 2007, the FBI acknowledged plaintiff's FOIA request and assigned it a reference number. On December 19, 2007, the FBI notified plaintiff that his request was under review. On January 31, 2008, the FBI located the responsive records and released 74 pages, with forty pages withheld in full as falling under claimed exemptions in 5 U.S.C. §§ 552(b)(2), 552(b)(3), 552(b)(6), 552(b)(7)(C), 552(b)(7)(D), and 5 U.S.C. § 552a(j)(2). The FBI letter also indicated that additional responsive records would be released because plaintiff's request involved review of a multiple subject file, 183-AL-604.

By letter dated February 5, 2008, plaintiff appealed the decision to withhold the material to the Office of Information and Privacy of the Department of Justice ("OIP") and requested that the two FBI files be released in full and without any redactions. On March 6, 2008, OIP acknowledged plaintiff's appeal and assigned it an appeal reference number. On March 25, 2008, OIP affirmed the FBI's actions on partly modified grounds, stating the exemptions fell under 5 U.S.C. §§ 552(b)(2), 552(b)(7)(C), and 552(b)(7)(D), and that the FBI had conducted an adequate search for the responsive records. In addition, OIP informed plaintiff that the FBI would be releasing additional records as stated in the FBI's January 31, 2008 letter.

By letter dated March 28, 2008, the FBI made a second and final release of 914 processed pages, with 356 released in part, 180 released in full, and 378 withheld in full. In its letter, the FBI withheld information based on the exemptions provided under 5 U.S.C. §§ 552(b)(1)-(b)(3), 552(b)(6), 552(b)(7)( C), and 552(b)(7)(D).

By letter dated April 1, 2008, plaintiff again appealed the FBI's claimed use of FOIA exemptions in the documents provided as part of the second release. Plaintiff later amended his appeal on April 10, 2008. On April 24, 2008, OIP acknowledged plaintiff's amended appeal and assigned it an appeal reference number. On April 30, 2008, OIP assigned a second appeal number in regards to plaintiff's request since plaintiff amended his appeal.

Prior to receiving a response from OIP concerning his appeal, plaintiff commenced the instant civil action, on April 24, 2008, to obtain the withheld information under FOIA. On July 8, 2008, OIP affirmed the FBI's claimed FOIA exemptions and advised plaintiff of the right to seek judicial review under 5 U.S.C. § 552(a)(4)(B).

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Richardson v. New York State Dep't of Corr. Servs., 180 F.3d 426, 436 (2d Cir. 1999); Lang v. Ret. Living Pub. Co., 949 F.2d 576, 580 (2d Cir. 1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Chambers

v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994).  Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Chambers, 43 F.3d at 36.  Further, a pro se litigant's pleadings must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (per curiam); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. 1356.  At that point, the nonmoving party "must set out specific facts showing a genuine issue for trial."  FED. R. CIV. P. 56(e)(2); Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.  To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

### B. FOIA Standard

In determining the reasonableness of an agency's search for responsive records, the question does not focus on the adequacy of the agency's search results, but whether the search method used was reasonable in discovering information pertaining to the FOIA request.  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (citing SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).  The adequate search burden rests on the agency, and affidavits submitted by the agency are "'accorded a presumption of good faith.'"  Grand Cent. P'ship, Inc., 166 F.3d at 489 (quoting Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)) (citation omitted). The

opposing party may not rebut this presumption with purely unsubstantiated claims. Grand Cent. P'ship, Inc., 166 F.3d at 489; Carney, 19 F.3d at 813; SafeCard Servs., 926 F.2d at 1200.

If the government provides agency declarations that consist of "'*reasonable specificity*'" regarding reasons for the claimed FOIA exemptions that "'are not called into question by contradictory evidence in the record or by evidence of agency bad faith'" then a court may grant the government's summary judgment motion. Grand Cent. P'ship, Inc., 166 F.3d at 478 (quoting Gallant v. NLRB, 26 F.3d 168, 171 (D.C. Cir. 1994) (citation omitted)); see Wood v. FBI, 432 F.3d 78, 85 (2d Cir. 2005) (citing Carney, 19 F.3d at 812). A Vaughn index aids a court in determining whether a government agency's choice to "shield" documents, or parts thereof, from disclosure supports the "statements of justification for the non-disclosure." Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 6 (2d Cir. 1995); see Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973). The statements justifying each FOIA exemption claim are not required to be so specific as to disclose the information the "agency wishes to conceal" but such statements in defense of non-disclosure must allow a "reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979) (per curiam).

FOIA promotes a policy of disclosure unless the requested documents fall under "one of the specific, enumerated exemptions set forth in the Act." Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 355 (2d Cir. 2005) (internal citation omitted); see 5 U.S.C. § 552(b)(1)-(9). In keeping with the intent and purpose of broad disclosure, these statutory exemptions are construed narrowly. Nat'l Council of La Raza, 411 F.3d at 355-56. A federal court "has jurisdiction to enjoin the agency from withholding agency records and to order the

production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "The government bears the burden of establishing that any claimed exemption applies." Wood, 432 F.3d at 83; 5 U.S.C. § 552(a)(4)(B).

The nine statutory FOIA exemptions allow an agency to withhold mandatory disclosure of records. See 5 U.S.C. § 552(b)(1)-(9). In this case, the exemptions at issue include internal agency rules and practices, information protected by statute, unwarranted invasion of personal privacy, and confidential source information.

The internal agency rules and practices exemption extends to the FBI's confidential source and file numbering system, which shields a confidential informant's identity, because "'there is no legitimate public interest in the FBI's practice of labelling and identifying its sources.'" Massey v. FBI, 3 F.3d 620, 622 (2d Cir. 1993) (quoting Malizia v. United States Dep't of Justice, 519 F. Supp. 338, 344 (S.D.N.Y. 1981)); see 5 U.S.C. § 552(b)(2). Moreover, internal agency rules and practices may be withheld if the agency shows that disclosing such information "'would risk circumvention of lawful agency regulations.'" Massey, 3 F.3d at 622 (quoting Buffalo Evening News, Inc. v. United States Border Patrol, 791 F. Supp. 386, 391 (W.D.N.Y. 1992)). Confidential source symbol and file numbers are withheld from disclosure under the internal agency rules and practices exemption. Massey, 3 F.3d at 622.

In addition, an agency may withhold information that is specifically exempted from disclosure by statute, but the "materials withheld [must] fall within that statute's scope." A. Michael's Piano, Inc. v. FTC, 18 F.3d 138, 143 (2d Cir. 1994); see 5 U.S.C. § 552(b)(3).

The unwarranted invasion of personal privacy exemptions, 5 U.S.C. § 552(b)(6) and (b)(7)(C), allow the government to "authorize withholding [information] where disclosure

would constitute an 'unwarranted invasion of personal privacy.'" ACLU v. Dep't of Def., 543 F.3d 59, 64 (2d Cir. 2008). Whether to claim non-disclosure of the names of FBI special agents under the unwarranted invasion of personal privacy exemption requires balancing disclosure in furtherance of the public interest against the privacy rights of individuals. Kuzma v. IRS, 775 F.2d 66, 69 (2d Cir. 1985) (per curiam). To exempt law enforcement records under the unwarranted invasion of personal privacy exemption, 5 U.S.C. § 552(b)(7), the government must show the records were "compiled for law enforcement purposes, and" that disclosure would likely result in harm. Ortiz v. U.S. Dep't of Health and Human Servs., 70 F.3d 729, 732 (2d Cir. 1995); see 5 U.S.C. § 552(b)(6) (exempts from disclosure "personnel and medical files and similar files" that would create a clearly unwarranted invasion of personal privacy).

A confidential informant's identity is exempt under FOIA if, in addition to serving as a confidential source during a law enforcement investigation, the individual "received an express or implied assurance of confidentiality." Kuzma, 775 F.2d at 69. When lacking express assurance, the government bears the burden of showing the events bring about implied assurance. Ortiz, 70 F.3d at 733. Determining implied assurance involves assessing "'whether the particular *source* spoke with an understanding that the communication would remain confidential.'" Id. (quoting U.S. Dep't of Justice v. Landano, 508 U.S. 165, 172, 113 S. Ct. 2014, 2019 (1993)). The confidential source information exemption "is meant to [ ] protect confidential sources from retaliation that may result from the disclosure of their participation in law enforcement activities . . . ." Ortiz, 70 F.3d at 732. Moreover, even if a person testifies at trial against a criminal defendant with a guarantee of confidentiality,

information obtained from a source does not become subject to disclosure. Scherer v. Kelley, 584 F.2d 170, 176 n.7 (7th Cir. 1978).

### C. Analysis

In this case, plaintiff challenges defendants' adequacy of its search for responsive records pertaining to the two specific FBI files and the FBI's redaction of information as allowed under claimed FOIA exemptions. In support of its justifications for non-disclosure, the FBI submitted a declaration pertaining to the use of the claimed FOIA exemptions in regards to plaintiff's request. The declaration provides the FBI's justifications for the non-disclosure of information. (See Hardy Decl., Doc. No. 27-4.) A careful review of the Vaughn index and the FBI's agency declaration regarding the usage of the claimed FOIA exemptions indicates the FBI performed a reasonable search for the responsive records and complied with the mandatory disclosure of information. The exhibits submitted for in camera review do not posit mere conclusory statements as to the claimed FOIA exemptions, as each non-disclosure in the FBI files lists the exemption cited along with a supporting rationale provided in a government affidavit. See id.

Plaintiff also challenges, without citing legal authority, the non-disclosure of grand jury records, tape recorded conversations, the identities of FBI agents and an alleged confidential informant because the lapse of time between the events and the present day weakens any individual's privacy rights "to almost a nullity." (Pl's. Mem. Opp'n Summ. J., Doc. No. 31, at 3.) This argument is without logic since adopting the plaintiff's position would upset the "delicate balance" FOIA seeks in public disclosure versus an individual's privacy interests, see Scherer, 584 F.2d at 176 n.7, and would be in direct opposition to the enumerated FOIA exemptions in 5 U.S.C. § 552(b).

In this case, plaintiff challenges the non-disclosure of a confidential source's symbol and file number in the FBI files. Disclosing the identities, including the names and confidential source symbol and file numbers, of the FBI special agents and alleged confidential informants does not further the public interest because this would not provide insight into the FBI's activities. Accordingly, releasing the identities of FBI special agents and confidential informants, including confidential source symbol and files numbers, associated with the requested FBI files could subject such individuals to harassment, an unwarranted invasion of personal privacy. Therefore, the internal agency rules and practices exemption protects the confidential source symbol and file numbers for confidential informants. See 5 U.S.C. § 552(b)(2).

Next, plaintiff challenges the FBI's asserted FOIA exemptions relating to information protected by statute. Specifically, plaintiff challenges the non-disclosure of grand jury records and lawfully recorded tape conversations. Grand jury records are considered court records and therefore are not "agency records," In re Grand Jury Investigation of Cuisanarts, Inc., 665 F.2d 24, 31 n.10 (2d Cir. 1981), because the grand jury is considered an extension of the court and grand jury records are protected from disclosure. In re Grand Jury Proceedings, 860 F.2d 11, 14 (2d Cir. 1988). In this case, the FBI withheld information pertaining to grand jury proceedings which are confidential under Federal Rule of Criminal Procedure 6(e). Although Federal Rules of Criminal Procedure do not generally fall under the scope of the statutory exemption, Rule 6(e) does because Congress "positively enacted"

it so that it falls within the exemption provided by 5 U.S.C. § 552(b)(3).[1]  Fund for Constitutional Gov't v. Nat'l Archives & Records Servs., 656 F.2d 856, 867 (D.C. Cir. 1981). In addition, any lawfully recorded tape conversations may be withheld as such intercepted wire, oral, or electronic communications are exempt under federal statute.  See 18 U.S.C. § 2517.  Therefore, the FBI established, through its affidavit, that grand jury records and lawfully recorded tape conversations are exempt from disclosure as such material is protected by statute.

As to plaintiff's challenge to the non-disclosure of the identities of confidential sources, the FBI withheld confidential source information because releasing the identities of confidential sources would constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(7)(C)-(D).  Furthermore, releasing such information would not inform the general public about the FBI's activities.

Plaintiff seeks to substitute the public interest with his own personal interest in disclosure of the withheld documents, as his allegations of government misconduct supercede an individual's privacy rights.  Plaintiff's argument lacks reason as the lapse of thirty years since his criminal trial and the testimony of FBI agents and alleged confidential informants in open court does not tip the scales in favor of the public's interest in disclosure. Plaintiff has failed to demonstrate any genuine issues of material fact as the defendants have received, acknowledged, and replied to plaintiff's FOIA requests.  Therefore, plaintiff's improper use of FOIA exemptions argument fails because the information given to an agency

---

[1] Ordinarily Federal Rules of Criminal Procedure become effective by Congress's inaction after the United States Supreme Court reports proposed rule changes to Congress.  Fund for Constitutional Gov't, 656 F.2d at 867.  In the case of Rule 6(e), Congress modified the proposed rule before enacting it.  Id.

by a confidential source is protected, even if the source testifies, under the unwarranted invasion of personal privacy exemptions.

Plaintiff cites to Lame v. U.S. Dep't of Justice for the balancing test between the public interest and an individual's privacy interest which applies to personal privacy matters. Lame v. U.S. Dep't of Justice, 654 F.2d 917, 923 (3d Cir. 1981); 5 U.S.C. § 552(b)(7)(C). However, this case also stands for the proposition that information furnished by a confidential source requires no balancing test and no consideration of the public interest in disclosure, if such information may reveal the confidential source's identity or information only provided by such a source. Lame, 654 F.2d at 923; see Sands v. Murphy, 633 F.2d 968, 971 (1st Cir. 1980); Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 492 (D.C. Cir. 1980) (holding that if a confidential source provided the information in question to assist a legal law enforcement investigation then "all such information obtained from the confidential source receives protection"); see also Church of Scientology v. U.S. Dep't of Justice, 612 F.2d 417, 425-26 (9th Cir. 1979); Terkel v. Kelly, 599 F.2d 214, 216 (7th Cir. 1979); but see Nix v. United States, 572 F.2d 998, 1002 (4th Cir. 1978) (balancing test applicable to confidential source information exemption). Moreover, plaintiff has failed to show how his actions will benefit the public, as plaintiff brought this suit to benefit himself. Furthermore, defendants withholding of records rests on a reasonable basis in law through exempting such records under the relevant FOIA exemptions.

## IV. **CONCLUSION**

Plaintiff's claims for the responsive records without the redactions will be dismissed because defendants met their burden in demonstrating performance of an adequate search for the responsive records. Moreover, the submitted FBI declaration presents adequate

justifications for the search method employed by the FBI and the rationale for each exemption claimed under FOIA and the Privacy Act. Accepting all facts and reasonable inferences in favor of the nonmovant, plaintiff has failed to demonstrate a genuine issue of material fact. Plaintiff seeks to circumvent the FBI's claimed FOIA exemptions while also disputing the adequacy of the search for responsive records. Plaintiff's argument is unavailing because grand jury records, lawfully recorded tape conversations, the identities of FBI special agents, and cooperating witnesses in a law enforcement investigation, with either an expressed or implied condition of confidentiality, are exempt from disclosure under FOIA. Seeking disclosure of the FBI special agents' names and alleged confidential sources involved in a past criminal investigation and prosecution does not allow plaintiff to substitute his own personal interest for the public's interest in disclosure. Furthermore, plaintiff's claims for the responsive records without the redactions will be dismissed because the contested information was properly withheld under the claimed FOIA exemptions.

Accordingly, it is

ORDERED that

1. Defendant's motion for summary judgment is GRANTED; and

2. Plaintiff's complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

Dated: August 4, 2009
       Utica, New York.

_United States District Judge_